***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Baddour. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour with minor modifications.
 ***********
Plaintiff's motion to dismiss defendants' appeal to the Full Commission as untimely filed is DENIED. Defendants' action of filing notice of appeal one day late constitutes excusable neglect, and dismissal of the appeal is inappropriate.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Builders Mutual Insurance Company is the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff's average weekly wage is $480.00, yielding a compensation rate of $320.02.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On April 29, 2000, plaintiff suffered a compensable injury by accident arising out of and in the course of his employment with defendant-employer. Plaintiff was operating a moving lift when the lift unexpectedly closed on his right arm.
2. Plaintiff was taken to Winterhaven Hospital in Winterhaven, Florida and was diagnosed with a displaced fracture of the right radius.
3. On April 30, 2000, plaintiff underwent surgery to repair the displaced fracture of the right radius.
4. Plaintiff was discharged from the Winterhaven Hospital on May 1, 2000 with instruction to receive follow-up treatment in North Carolina.
5. On May 8, 2000, plaintiff began treatment with John E. Ritchie, M.D. of Orthopaedic Specialists of the Carolinas in Winston-Salem, NC. Plaintiff was continuing to experience severe pain and throbbing in his right arm. Dr. Ritchie placed plaintiff in a short splint and kept plaintiff out of work.
6. On May 12, 2000, defendants filed a Form 63 Notice of Payment of Compensation Without Prejudice.
7. Plaintiff continued to treat with Dr. Ritchie. On June 20, 2000, Dr. Ritchie indicated plaintiff had improved and could return to work with no vigorous use of his right arm and no lifting over 20 pounds.
8. The defendant-employer sent correspondence to plaintiff regarding his returning to light duty work. No job description for the proposed light duty work was submitted to Dr. Ritchie. Plaintiff attempted to contact defendant-employer through Jim Carpenter or his wife to discuss returning to work. Plaintiff was never able to speak with Jim Carpenter or his wife and never returned to work for defendant-employer.
9. On June 27, 2000, defendants filed a Form 61 denial and terminated plaintiff's benefits. Although plaintiff was receiving temporary total disability for an admittedly compensable injury, defendants terminated the benefits without obtaining approval of the Commission through the Form 24 procedure or by filing a request for hearing.
10. Plaintiff began treatment at the Huntington Veterans' Administration Medical Center in Huntington, West Virginia, in order to be closer to his family and to provide support for his mother who was suffering with serious medical problems.
11. Plaintiff has received treatment at Veterans' Administration hospitals in Huntington, West Virginia; Lexington, Kentucky; and Winston-Salem, North Carolina.
12. Plaintiff has also been evaluated by Kevin P. Speer, M.D. of Southeastern Orthopedics in Raleigh, NC.
13. The greater weight of the competent medical evidence of record establishes that plaintiff's right arm and shoulder conditions, as well as the cyst on his wrist, are causally related to his injury by accident on April 29, 2000. Plaintiff has not reached maximum medical improvement for these conditions and requires further medical treatment. Dr. Speer is the orthopedic doctor most likely to effect a cure and provide relief for these conditions.
14. Plaintiff has been evaluated by David B. Marcotte, M.D. and Robert L. Conder, Jr., Psy.D regarding his psychological condition. Dr. Marcotte diagnosed plaintiff with bipolar disorder type I and related somatoform pain disorder. Dr. Conder diagnosed plaintiff with a pain disorder with psychological features similar to bipolar II disorder.
15. While plaintiff has a history of psychological/emotional problems, the greater weight of the competent evidence of record establishes that plaintiff's physical injury on April 29, 2000 has resulted in an aggravation of his preexisting psychological condition. Plaintiff has not reached maximum medical improvement for his compensable psychological condition and requires treatment for this condition. Plaintiff would likely benefit from psychological treatment coordinated by Dr. Conder, including a referral to a psychiatrist if deemed appropriate by Dr. Conder.
16. The greater weight of the competent evidence of record establishes that plaintiff's current psychological condition prevents him from working.
17. The greater weight of the competent evidence of record establishes that plaintiff has been temporarily totally disabled due to his compensable physical and/or psychological conditions since his injury by accident on April 29, 2000.
18. Defendants did not defend this claim without reasonable grounds.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment on April 29, 2000. N.C. Gen. Stat. § 97-2(6).
2. The greater weight of the evidence of record establishes a causal relationship between plaintiff's injury by accident on April 29, 2000 and the medical conditions involving his right arm, shoulder, and wrist, as well as his current psychological condition. N.C. Gen. Stat. § 97-2(6).
3. Payment without prejudice pursuant to N.C. Gen. Stat. § 97-18(d) is only appropriate where the employer or insurer is uncertain on reasonable grounds whether the claim is compensable. Although the compensability of plaintiff's injury was never disputed, defendants paid indemnity benefits under a Form 63 and then terminated benefits under a Form 61, thus avoiding the proper procedure of filing a Form 60 accepting the claim and then seeking Commission approval before terminating benefits by filing a Form 24 or Form 33. Accordingly, defendants unilaterally and wrongfully terminated plaintiff's indemnity benefits in violation of the procedures established in N.C. Gen. Stats. §§ 97-18; 97-18.1; and North Carolina Industrial Commission Rule 404 and thus may be sanctioned for such conduct pursuant to North Carolina Industrial Commission Rule 802.
4. Plaintiff is entitled to total disability compensation at the rate of $320.02 per week from June 28, 2000 and continuing until plaintiff returns to work or until further order of the Commission. N.C. Gen. Stat. §§ 97-29, 97-18, 97-18.1; North Carolina Industrial Commission Rule 404.
5. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of his compensable physical and psychological conditions as may reasonably be required to effect a cure, provide relief, or lessen the period of disability. The Commission may at any time upon the request of an employee order a change of treatment and designate other treatment suggested by the injured employee subject to approval of the Commission. N.C. Gen. Stat. §§ 97-2(19); 97-25.
6. Plaintiff is entitled to have defendants pay a penalty of an additional ten per centum (10%), pursuant to N.C. Gen. Stat. § 97-18(g) for failure to timely pay benefits due.
7. Plaintiff is not entitled to attorney fees. N.C. Gen. Stat. §97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Subject to the attorney's fee approved below, defendants shall pay temporary total disability compensation to plaintiff at the rate of $320.02 per week for the period from June 28, 2000 and continuing until plaintiff returns to work or until further order of the Commission. As much of said compensation as has accrued shall be paid in a lump sum, plus a ten percent penalty for failure to make timely payment of benefits.
2. Dr. Speer and Dr. Conder are hereby approved as plaintiff's treating doctors.
3. Defendants shall pay for expenses incurred or to be incurred as a result of plaintiff's compensable physical and psychological conditions as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, including any surgery recommended by Dr. Speer and any referral to a psychiatrist recommended by Dr. Conder.
4. Plaintiff's request for attorney's fees is denied.
5. A reasonable attorney's fee in the amount of twenty-five percent (25%) is hereby approved to be deducted from sums due plaintiff and paid directly to plaintiff's counsel in one lump sum of the accrued amount due plaintiff and thereafter by deducting every fourth compensation check due plaintiff.
6. Within 30 days of the filing of this Opinion and Award, the defendant-carrier shall pay a sanction in the amount of $500.00 by check payable to the North Carolina Industrial Commission and forwarded to the attention of "Carolyn Wall/Accounts Receivable" at the Industrial Commission address for inappropriate filing of a Form 61. To ensure proper crediting, the IC File number for this matter should be noted on the check.
7. Defendants shall pay the costs due the Commission.
This the 5th day of April, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER